DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Timothy Tesmer, appeals a decision of the Lorain Municipal Court, which denied his motion to suppress evidence. We reverse and remand.
 I. {¶ 2} On July 9, 2002, an Avon police officer stopped Tesmer, who was driving a loaded dump truck. The officer cited Tesmer for driving an overweight vehicle. Initially, Tesmer pled not guilty and requested a jury trial. Tesmer filed a motion to suppress the evidence on the grounds that the arresting officer did not have a reasonable, articulable suspicion to believe that the truck was overweight. At the hearing on the motion to suppress, while Tesmer's counsel was asking the police officer to explain why he believed the truck would prove to be overweight if stopped and weighed, the trial court stopped the questioning and denied the motion to suppress. Tesmer's counsel indicated that he would like to continue the questioning; however, the trial court restated that the motion to suppress was denied and the matter would proceed to trial. Tesmer pled no contest to the charge and appealed the denial of the motion to suppress.
 II. Assignment of Error
"The Trial Court Denied Appellant's Constitutional Right To Confront And Cross-examine The State's Witnesses Guaranteed By The Sixth Amendment To The United States Constitution And His Constitutional Right To Due Process Of Law Under The Fourteenth Amendment."
 {¶ 3} In his sole assignment of error, Tesmer asserts that the trial court, in preventing further questioning of the arresting officer, denied Tesmer the constitutional right to confront and cross-examine his accusers. Further, Tesmer states that the trial court's premature ruling precluded the testimony of two other witnesses which Tesmer wished to call and question. We agree.
 {¶ 4} We begin our discussion by noting that the appellee did not file a brief. Therefore, we accept Tesmer's statement of the facts and issues as correct, which allows reversal of the judgment if appellant's brief reasonably appears to sustain such action. See App.R. 18(C).
 {¶ 5} A traffic stop constitutes a seizure within the meaning of the Fourth Amendment. Whren v. United States (1996), 517 U.S. 806,809-810, 135 L.Ed.2d 89. A police officer may conduct an investigative stop where he has a reasonable suspicion, based on specific and articulable facts, that an individual is or has been engaged in criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 19-24, 20 L.Ed.2d 889; Statev. Andrews (1991), 57 Ohio St.3d 86, 87, certiorari denied (1991),501 U.S. 1220, 115 L.Ed.2d 1002. The police must "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." Terry,392 U.S. at 21; see, also, State v. Bobo (1988), 37 Ohio St.3d 177,178-179, certiorari denied (1988), 488 U.S. 910, 102 L.Ed.2d 252;Andrews, 57 Ohio St.3d at 87. A police officer's "reasonable suspicion" is measured by an objective standard: "would the facts available to the officer at the moment of the seizure * * * `warrant a man of reasonable caution in the belief' that the action taken was appropriate?" Bobo,37 Ohio St.3d at 178-179, quoting Terry, 392 U.S. at 21-22.A distinction exists between a pretrial motion to suppress evidence based upon the grounds that the evidence is illegally or unconstitutionally obtained and a pretrial motion that requests a preliminary ruling on the admissibility of evidence. State v. Schwetz (Mar. 14, 1986), 4th Dist. Nos. 1138, 1142, 1143, 1148, 1161. When a motion to suppress is based upon constitutional grounds, evidentiary hearings held on such motions must provide the opportunity to confront and cross-examine witnesses. Id. See, also, State v. Fisher (Oct. 22, 1986), 4th Dist. No. 1277; State v.Doles (Apr. 9, 1986), 4th Dist. No. 1162; State v. DePugh (Mar. 11, 1986), 4th Dist. No. 6129.
 {¶ 6} Tesmer claims, and the record supports, that his cross-examination of the arresting officer was stopped by the trial court. The trial court then denied the motion to suppress, although a second state's witness had been subpoenaed to appear. The trial court's denial of the motion not only terminated the questioning of the arresting officer, but precluded any questioning or cross-examination of the second state's witness. Therefore, Tesmer was denied his right to confront and cross-examine witnesses in a hearing on a motion to suppress, such motion being based upon a constitutional issue.
 {¶ 7} Tesmer's sole assignment of error is sustained. The judgment denying the motion to suppress is vacated, and the case remanded for further proceedings.
 III. {¶ 8} The judgment of the Lorain Municipal Court, which denied the motion to suppress, is vacated, and the cause is remanded for further proceedings.
Judgment vacated, and cause remanded.
BATCHELDER, J. CONCUR